IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TERRI C.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:21-CV-582 |
| | ) | |
| v. | ) | |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | By: Hon. Robert S. Ballou |
| **Acting Commissioner of Social Security,** | ) | United States Magistrate Judge |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

In this social security appeal, I **RECOMMEND** that the court **GRANT** the government's motion to dismiss, Dkt. 8, because Plaintiff, Terri C., failed to file her complaint within the required statutory period.

**I.    PROCEDURAL BACKGROUND[1]**

The government filed a motion to dismiss this case on March 9, 2022, contending that Plaintiff failed to file suit within the 60-day statute of limitations. Dkt. 8. Plaintiff, who is represented by counsel, did not respond to the government's motion. The Court entered an Order to Show Cause, ordering Plaintiff to respond to the motion to dismiss or show cause why it

---

[1] The Commissioner filed a Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, together with copies of two Administrative Law Judge decisions, two Notices of Appeals Council Action, and correspondence with Plaintiff regarding her claim. See Dkt. 10. In the absence of a complete administrative record, the court relies on the Commissioner's exhibits for the factual and procedural background of the case. Because these documents would otherwise be part of the record of the case and both parties have had an opportunity to respond to them, the court will consider them without converting the Commissioner's motion to one for summary judgment. See Hughes v. Berryhill, No. 4:16cv157, 2017 WL 2387917, at *1, n. 2 (E.D. Va. May 9, 2017) (citing Silverman v. Town of Blackstone, Va., 843 F. Supp. 2d 628, 631 (E.D. Va. 2012)).

should not be granted. Dkt. 11.  On April 8, 2022, Plaintiff filed a brief in opposition to the government's motion. Dkt. 12.  Plaintiff's brief in opposition asserts that her Complaint was timely based upon the date she actually received the Appeals Council Notice; that she requested additional time to provide evidence to the Appeals Council; and that any delay should be excused because the Commissioner took the full 120 days to respond to the Complaint.  This matter is now ripe for disposition.

## II.    FACTS

Plaintiff filed applications for disability insurance benefits and supplemental security income, which the Commissioner denied initially and on reconsideration.  Plaintiff, thereafter, had a hearing before an administrative law judge, who entered an opinion on March 9, 2021, finding her not disabled.  Dkt. 10, pp. 44–61.  Plaintiff appealed this decision to the Appeals Council, which issued its denial on August 11, 2021. Dkt. 10, p. 73.  The Appeals Council mailed the Notice of Appeals Council Action to Plaintiff at 112 Boggs Mtn. Loop, Elliston, Virginia 24087. Id.  The Appeals Council notice informed Plaintiff of her right to commence a civil action within sixty days of receipt, and stated that the sixty-day time period starts "the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Dkt. 10, p. 75.  Under the regulations, a presumption exists that Plaintiff received the notice on August 16, 2021, five days after the date of the letter. Plaintiff's complaint was then due sixty days after receipt, or October 15, 2021. Plaintiff, through her counsel, filed a Complaint on November 9, 2021. Dkt. 2.

## III.    ANALYSIS

An individual must file a civil action challenging a denial of social security benefits within sixty days of receiving notice of the Appeals Council's decision by mail. See 42 U.S.C.

§ 405(g); 20 C.F.R. § 422.210(c). The presumptive date of receipt of the Appeals Council's decision is five days after the date of the notice unless there is a reasonable showing to the contrary. 42 U.S.C. § 422.210(c). This limitation period is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80 (1986). Thus, a claimant can overcome the presumptive date of receipt either through affirmative proof of the date of receipt or through equitable tolling.

    a. **Date of Receipt**

Plaintiff concedes that the Complaint was not filed within the required 60-day period based on the date of the Appeals Council notice. However, Plaintiff asserts that she was "without a permanent address" during this time period, that she provided her daughter's home address to the Social Security Administration, and she did not receive the August 11, 2021 letter until September 10, 2021. Plaintiff asserts that her Complaint was timely filed based on the date she actually received the notice. Plaintiff also notes that she sent a letter to the Appeals Council on June 17, 2021, asking for additional time to provide evidence pertinent to her claim and received no response.

Receipt of an Appeals Council denial notice is presumed five days after the date of the decision. 20 C.F.R. § 422.210(c); Parker v. Colvin, No. 2:15cv533, 2017 WL 626750, at * 4 (E.D. Va. Feb. 14, 2017). A claimant can rebut the presumption of receipt if she makes a "reasonable showing to the contrary." Id. at *3. "'[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance.'" Id. (citing Marte v. Apfel, No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998)). A claimant can make a "reasonable showing" sufficient to rebut the presumption by presenting concrete evidence of late receipt, such as an affidavit attesting to the late notice accompanied by

3

a contemporaneous calendar notation indicating the date of receipt or a date stamped copy signifying receipt of the letter. See Gower v. Shalala, No. 92-0200-W(S), 1993 WL 737965 (N.D. W. Va. 1993); McLaughlin v. Soc. Sec. Admin. Comm'r, No. 1:10-CV-00263-JAW, 2012 WL 527975, at *2 (D. Me. Feb. 15, 2012), report and recommendation adopted, No. 1:10-CV-00263-JAW, 2012 WL 752354 (D. Me. Mar. 6, 2012); see also Hunt v. Astrue, No. 1:10CV141, 2012 WL 6761418, at *2 (M.D.N.C. Dec. 31, 2012) (finding that sworn statements "without more concrete evidence, are insufficient to rebut the statutory presumption"). A claimant can also rebut the presumption by demonstrating that the Appeals Council's denial notice was mailed more than five days after its issuance date or was mailed to the wrong address. See Parker, 2017 WL 626750, at *3.

Here, Plaintiff provided an affidavit stating that the address she provided to the Social Security Administration is her daughter's home; she stays at her daughter's home from time to time, but many nights she lives in her car or the homes of relatives or friends; she was often not staying at her daughter's home for long periods of time between June 2021 and October 2021; and she did not receive the Appeals Council notice dated August 11, 2021 until September 10, 2021. Dkt. 12-2.  Plaintiff provides no other evidence to corroborate the date of receipt.

An affidavit denying timely receipt by the plaintiff, standing alone, is insufficient to rebut the presumption of receipt. Parker, 2017 WL 626750, at *3. "Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption. The result is the same when the plaintiff's affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence." Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1356–57 (S.D. Al. 2002) (citing cases).  "[I]t is fairly well-accepted that

4

affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption." McLaughlin v. Astrue, 443 Fed. Appx. 571, 574 (1st Cir. 2011); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987). Claimants must support their contentions with facts or extrinsic evidence. Pettway, 233 F. Supp. 2d at 1356; see Ashcraft v. Astrue, No. 5:11cv144, 2012 WL 1231789, at *3 (W.D. Ky. Apr. 12, 2012) (citing Pettway, 233 F. Supp. 2d at 1357 n.5) ("Cases ruling a claimant satisfied the 'reasonable showing' requirement of § 422.210(c) have required evidence demonstrating the plaintiff's lack of receipt."); Hunt, 2012 WL 6761418, at *2 (Courts have found that even sworn affidavits, without more concrete evidence, are insufficient to rebut the statutory presumption that the notice was received five days after it was received) (citing cases).

      For example, in Nee v. Berryhill, the court held that the plaintiff made a reasonable showing of receipt after the presumptive date where he filed affidavits from himself, his wife, his daughter's babysitter, and his wife's two family members living in the household regarding the date of receipt, and attested to ongoing issues with mail delivery at his address. No. 1:17cv11459, 2019 WL 6699454, at *3 (D. Mass. Dec. 9, 2019). Here, Plaintiff's affidavit offers no extrinsic or corroborating evidence regarding the date she received the notice. Plaintiff's bare assertion that she received the notice over a month after it was mailed is insufficient to rebut the presumption of receipt.

      Plaintiff's inconsistent and/or homeless living situation is also insufficient to rebut the presumption of receipt. Plaintiff provided her daughter's address to the Social Security Administration as her current mailing address. Plaintiff does not assert that the Appeals Council mailed the notice to the wrong address, mailed the notice later than the date of the letter, or that

5

the notice did not arrive at the mailing address within the five presumed days.  Plaintiff asserts that she was not living full-time at the address, but provides no other explanation as to why she did not receive a letter at an address she provided as her current mailing address, for over a month after it was mailed. Similarly, in Valentine v. Commissioner, the plaintiff stated he was not living at the address to which the Appeals Council mailed the notice, that his lawyer was aware of his address changes, that he was homeless, and was using different mailing addresses. The Court found the plaintiff's allegations insufficient to rebut the presumption that he received the notice. No. 0:8-3309-BHH-PJG, 2019 WL 10945234, at *2 (D.S.C. Nov. 25, 2019).

      Here, the Appeals Council notice was also mailed to Plaintiff's counsel and, while his date of receipt does not control the deadline to file a civil action, courts have noted that mailing the notice to counsel's proper address is a factor to consider.  For example, in Wilson v. Astrue, the court stated, "though the notices mailed by the Appeals Council to Plaintiff may have been sent to an incorrect address and were returned, it is clear that the notices also were mailed to Plaintiff's counsel and were not returned as undeliverable. The notices clearly reflect Plaintiff's counsel's address and the Declaration of Paul Halse indicates that the notices were mailed to counsel. Consequently, Plaintiff's counsel should have been advised of the Appeals Council's action." No. 5:06cv486, 2009 WL 2996661, at *4 (S.D.W. Va. Sept. 11, 2009). Conversely, in Salter v. Colvin, the court held that the claimant rebutted the presumption of receipt because she submitted both "evidence that her attorneys received notice after the five-day window" and a notice "partially incorrectly addressed" to her.  No. 4:12cv888, 2014 WL 1280269, at *7 (N.D. Ohio Mar. 27, 2014).  The evidence here reflects that the notice was mailed to the proper address for Plaintiff's counsel. There is no evidence or assertion that he received the notice after the presumed five-day window.

Overall, Plaintiff does not offer any extrinsic evidence to support her allegation of late receipt and has not made a "reasonable showing" sufficient to rebut the presumption that the denial notice was received five days after its date of issuance. Consequently, Plaintiff's action is untimely filed.

### b. Equitable Tolling

Plaintiff argues that the delay in filing her Complaint did not prejudice the Commissioner, since the Commissioner took a full 120 days to file a motion to dismiss, and the first ALJ decision was issued almost two years after Plaintiff first applied for disability benefits. Dkt. 12. Plaintiff also notes that the Appeals Council did not respond to her request for additional time to present evidence, which Plaintiff asserts is "similar in kind if not precisely equivalent to asking for additional time to file the Complaint in this matter." Id. Plaintiff's arguments, construed liberally, are a legally frivolous request to equitably toll the 60-day filing deadline.

The court may equitably toll the 60-day deadline, but should do so rarely, when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 478–80 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319 (1976)). The Fourth Circuit has held that "tolling of the period of limitations will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 377(4th Cir. 1986). The application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that mistake of counsel is not an "extraordinary circumstance" warranting application of equitable tolling).

Generally, equitable tolling will apply only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990). Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id. It is the plaintiff's burden to establish exceptional circumstances to warrant equitable tolling. Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL283205, at *2 (W.D. Va. Feb. 7, 2005).

This is not one of those "rare cases" in which the application of equitable tolling is appropriate. See e.g., Brown v. Astrue, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013); Thomas v. Astrue, No. 5:12cv00064, 2013 WL 593481 (W.D. Va. Feb. 14, 2013); Parker v. Astrue, No. 5:07cv00037, 2008 WL 2746727 (W.D. Va. July 15, 2008). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Specifically, the Fourth Circuit found equitable tolling warranted where the Social Security Administration's "secretive policy" of failing to follow the law of the relevant circuit resulted in the denial of benefits for a class of claimants. See Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir. 1986).

Plaintiff's pleadings are not defective, and she has not established that the Commissioner induced or tricked her into not filing a timely appeal. See Irwin, 498 U.S. at 96. The time lapse between the Commissioner's decisions at various stages of Plaintiff's administrative claim is of no consequence to Plaintiff's statutory limitation period to file a Complaint. This is not an extraordinary circumstance warranting equitable tolling due to a "secretive policy" of the Social Security Administration. See Hyatt, 807 F.2d at 380–81.

Additionally, Plaintiff's letter requesting additional time to submit evidence to the Appeals Council does not warrant equitable tolling in this case. The Appeals Council may extend the time to institute a civil action upon a showing of good cause. 20 C.F.R. §§ 422.210(c), 404.982. A claimant's request for an extension of time to file a civil action must be in writing, it must give reasons why the action was not filed within the stated time period, and it must be filed with the Appeals Council. 20 C.F.R. § 404.982. Here, the Appeals Council notice informed Plaintiff that she could ask for an extension of time to file her civil action, if necessary. Plaintiff does not assert that she requested additional time to file a civil action, as provided by the Social Security Act and regulations, and the Commissioner attests that there was no request for extension of time to file a civil action filed in this case. Rather, Plaintiff asserts that she requested more time to submit evidence to the Appeals Council prior to receiving the Appeals Council notice of decision. Specifically, Plaintiff asserts that she sent a letter to the Appeals Council on June 17, 2021, asking for additional time to provide evidence pertinent to her claim, to which the Appeals Council did not respond. Dkt. 12. Plaintiff attached the letter dated June 15, 2021 to her brief, together with Social Security Administration tracking information dated June 17, 2021. Dkt. 12-1.

Plaintiff provides no argument or case law to support a finding that requesting an extension of time to submit evidence to the Appeals Council has an impact on the deadline to file a civil action. Further, Plaintiff's counsel represents that he received no response to the June letter requesting additional time to submit evidence to the Appeals Council. Instead, Plaintiff's counsel next received the Appeals Council notice, advising Plaintiff of the Appeals Council decision and the 60-day deadline to file a civil action. Plaintiff's counsel had no reason to believe Plaintiff had been granted an extension of any kind, or that the time for filing a civil action was

9

extended. Indeed, Plaintiff's counsel should be well aware of the perils of missing the deadline to file a civil action in a social security case, as this Court has previously dismissed social security complaints untimely filed by Mr. Ries on behalf of his clients. Thus, Plaintiff failed to establish sufficient facts to justify equitably tolling the statute of limitations period. See <u>Francis v. Berryhill</u>, No. 2:17cv519, 2018 WL 4658715 (E.D. Va. Feb. 2, 2018).

### IV. CONCLUSION

I **RECOMMEND** that the Court enter an order **GRANTING** the Commissioner's Motion to Dismiss and **DISMISSING** this action from the Court's docket. The Clerk is directed to transmit the record in this case to Thomas T. Cullen, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within 14 days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: May 11, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge